The Chancellor.
The question presented by these pleadings is an important one to the parties, and ought *245 not to be settled upon the bill and answer. I think, from the peculiar position the parties occupy in the present stage of the case, that the injunction should be dissolved; but this order is made without any intimation as to the respective rights of the parties to he collected from the facts stated in the pleadings.
The defendant is erecting his building on an alley way, on which the complainants’ house is situated, and which alley way, the bill alleges, was dedicated to the public by the defendant. The answer denies the dedication; but there are certain facts in dispute between the parties, upon which the equity of the bill rests, from which it is to be determined whether the complainants are not entitled to he protected in the enjoyment of the alley way.
To dissolve this injunction will not prejudice the rights of the complainants, because, under the circumstances which the building in question is being erected, if the ultimate decision of the right to use the alley way for the purpose should be decided against the defendants, this court wfill compel the defendant to remove the obstruction. The continuation of the injunction can be of no possible benefit to the complainants. The building is so far erected as to prevent the use of the alloy way while it remains there. When the injunction was served, it was carried up from the foundation to a height ready for roofing. Tills injunction prevents the defendant from protecting his building, and leaves it exposed to great injury. If the defendant should ultimately succeed, there is no one to whom he can look for redress for any damage he may have sustained in consequence of this injunction.
Under these circumstances, I shall dissolve this injunction without costs. The defendant must proceed at his peril with the erection of his building. If it should be determined that he has no right to use the alley in that way, he will he compelled to remove the obstruction.
Although the equity of the bill is not answered, if the continuation of the injunction is a material injury to the *246 defendant, and its dissolution is no present injury to the complainant, or cannot prejudice Ms right, this court may, in its discretion, dissolve the injunction.